**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHUNG SHIN,
Plaintiff-Appellant,

v.

No. 99-2451

DONNA E. SHALALA, SECRETARY,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-99-916-AW)

Submitted: March 20, 2000

Decided: April 24, 2000

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

David H. Shapiro, Diane Bodner Duhig, SWICK & SHAPIRO,
Washington, D.C., for Appellant. Lynne A. Battaglia, United States
Attorney, Mythili Raman, Assistant United States Attorney, Green-
belt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Chung Shin appeals the district court's order dismissing his employment discrimination claim for failure to exhaust administrative remedies. For the reasons set forth below, we vacate and remand for further proceedings.

Chung Shin, an employee of the United States Department of Health and Human Services, contacted the agency's EEO office because he believed that the agency had unlawfully discriminated against him when it failed to promote him. Shin initially met with an EEO counselor on April 21, 1997. At Shin's final interview on May 22, 1997, the EEO counselor advised Shin of his rights, including his right to file a formal complaint within fifteen days of the final interview. Shin signed the counselor's Informal Counseling Report, acknowledging that he had been so advised.

After the final interview, Shin sent an e-mail to the EEO office stating that he wished to file a formal complaint. The e-mail contained no description of the alleged discriminatory acts. Also on May 22, 1997, Shin filed a copy of the Informal Counseling Report ("Report") with the agency's EEO office. The Report noted Shin's allegations of discriminatory failure to promote on the grounds of race and national origin and detailed Shin's factual allegations.

On June 30, 1997, the EEO office contacted Shin, informing him that he had filed the incorrect form on May 22, 1997. The agency provided Shin with its complaint form, which Shin completed and returned to the agency the same day. After the agency failed to act within 180 days, Shin filed suit in district court. The district court granted the Defendant's motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In so ruling, the district court found that neither Shin's e-mail nor the Report qualified as

2

a formal complaint within the meaning of 29 C.F.R.§ 1614.106(c) (1999).

If materials outside the pleadings are presented and considered by the court, a motion to dismiss should be treated as one for summary judgment. See Fed. R. Civ. P. 12(b); see also Finley Lines Joint Protective Bd. v. Norfolk S. Corp., 109 F.3d 993, 995-96 (4th Cir. 1997). In reaching its decision that Shin's e-mail and Informal Counseling Report failed to act as a formal complaint, the district court examined those documents, effectively converting the motion to dismiss to a motion for summary judgment. See id. This court reviews the district court's ruling de novo, drawing all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp., 986 F.2d 709, 712 (4th Cir. 1993).

The regulations require that a formal complaint contain a signed statement identifying the aggrieved individual and agency and setting forth a general description of the actions that form the basis of the complaint. See 29 C.F.R. § 1614.106(c). The regulations are to be liberally construed to effectuate the purpose of Title VII. See 29 C.F.R. § 1601.34 (1999). Nothing in the regulations precludes an Informal Counseling Report from operating as a formal complaint if the requirements of 29 C.F.R. § 1614.106(c) are otherwise satisfied. The record reflects that the Informal Counseling Report contains the necessary elements to qualify as a formal complaint and provides sufficient notice to the agency of Shin's claims.

We accordingly conclude that the district court erred in granting the motion to dismiss. We vacate the district court's order and remand for the district court to conduct further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

VACATED AND REMANDED

3